United States District Court
Middle District of Florida
Jacksonville Division

**MARTHALENE LOGAN,**

 *Plaintiff,*

v.                 **NO. 3:18-cv-196-J-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

# Order

 Marthalene Logan brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final decision of the Commissioner of Social Security denying her 2015 applications for benefits. Under review is a decision by an Administrative Law Judge ("ALJ") dated September 1, 2017. Tr. 21–36. The alleged onset date is March 10, 2015. Tr. 21, 49, 181. Summaries of the law and administrative record are in the ALJ's decision, Tr. 21–36, and the parties' briefs, Docs. 18, 19, and not fully repeated here.

 A court reviews the Commissioner's factual findings for substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance"; it is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A court may not decide facts anew, reweigh evidence, make credibility determinations, or substitute its judgment for the Commissioner's judgment. *Id.* If substantial evidence supports an ALJ's decision, a court must affirm, even if other evidence preponderates against the factual findings. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

 "This restrictive standard of review applies only to findings of fact," and "no similar presumption of validity attaches to the [Commissioner's] conclusions of law, including determination of the proper standard to be applied in reviewing claims." *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991) (quoted authority omitted).

The Social Security Administration uses a five-step sequential process to decide if a person is disabled, asking whether (1) she is engaged in substantial gainful activity, (2) she has a severe impairment or combination of impairments, (3) the impairment meets or equals the severity of anything in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, App'x 1, (4) she can perform any of her past relevant work given her residual functional capacity ("RFC"), and (5) there are a significant number of jobs in the national economy she can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). If the ALJ finds disability or no disability at a step, she will "not go on to the next step." 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The claimant has the burden of persuasion through step four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

In undertaking the five-step sequential process, there is "no rigid requirement" that an ALJ "specifically refer to every piece of evidence in [her] decision" as long as a reviewing court can conclude she "considered [the claimant's] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation marks omitted).

Logan argues the ALJ erred by failing to classify her lumbar impairment as severe. Doc. 18 at 8–9.

At step two, an ALJ considers whether a claimant has a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). A severe impairment significantly limits a claimant's ability to do basic work activities. *See* 20 C.F.R. §§ 404.1522(a), 416.922(a) (2017) (defining "non-severe impairment"). Basic work activities are the abilities and aptitudes necessary to do most jobs. 20 C.F.R. §§ 404.1522(b), 416.922(b) (2017). To be severe, an impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909 (1980). A claimant has the burden of proving an impairment is severe. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

"Step two is a threshold inquiry." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). It is "a reasonable administrative convenience designed to screen out groundless claims." *Stratton v. Bowen*, 827 F.2d 1447, 1452 (11th Cir. 1987). It "acts as a filter" to eliminate claims involving no substantial impairment. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). A finding of any severe impairment satisfies step two. *Id.* Thus, an ALJ need not identify every severe impairment at step two. *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014); *Delia v. Comm'r of Soc. Sec.*, 433 F. App'x 885, 887 (11th Cir. 2011). Still, an ALJ must demonstrate she considered all of the claimant's impairments—severe and non-severe—in combination at step three and in assessing the RFC. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010).

Even if the ALJ erred in failing to find Logan's lumbar impairment severe, the error is harmless. The ALJ found severe impairments at step two, proceeded to subsequent steps, and considered Logan's lumbar impairments with other impairments in the subsequent steps. Doc. 19 at 13–15; Tr. 25–35. At step three, the ALJ specifically considered Listing 1.04 ("Disorders of the Spine"), Tr. 26, and in explaining the RFC, which included several physical limitations, Tr. 27, discussed evidence about Logan's lumbar spine and complaints of lower back pain,[1] *see* Tr. 29–

---

[1] The ALJ found Logan has the RFC to perform light work with additional limitations: "occasionally climbing stairs, but never climbing ladders"; she can "balance frequently, and occasionally stoop, kneel, crouch and crawl. She can occasionally reach overhead." Tr. 26. Substantial evidence supports the RFC finding. The light work finding followed the opinions of two medical consultants. Tr. 34, 91, 102, 117, 129. Consistent with the opinions of two treating doctors—Efrain Paz and Arielle Silver—the ALJ found Logan's reports of pain out of proportion to the objective medical evidence. Tr. 33, 498, 755, 814. Logan was not always compliant with her medication, as Dr. William Anthony noted. Tr. 33, 710. X-rays of Logan's spine, knees, wrist, clavicle, and hip showed either normal or mild results. Tr. 33, 437, 755–57, 507, 814, 817, 818, 820, 821, 823, 883. Findings on Logan's physical examinations were mostly unremarkable, with normal gait and range of motion. Tr. 33, 498, 503, 510, 513, 518, 523, 535, 547–48, 550–51, 556–57, 562–63, 586–87, 592–93, 597–98, 603–04, 609–10, 615–16, 711–14. Logan's daily living activities, including work as a nurse's assistant two days a week, indicated an ability to operate within the RFC. Tr. 34, 58–59, 373, 709–11.

34 (citing Tr. 384–85, 387–434, 493–96, 599–600, 607–16, 709–17, 806–23, 838–42, 848–49).

Logan argues the ALJ erred by failing to discuss or state the weight of medical opinions of Drs. Gary Goldstein and Thomas Bills. Doc. 18 at 8–11.

The ALJ evaluates every medical opinion she receives. 20 C.F.R. §§ 404.1527(c), 416.927(c) (2017). A "medical opinion" is a statement from an "acceptable medical source" that reflects judgment about the nature and severity of a claimant's impairment. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (2017). Opinions on issues that are dispositive of a case, such as whether a claimant is disabled or able to work, or whether an impairment meets or equals a listing, are not medical opinions because they are on issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d) (2017).

An ALJ must state with particularity the weight given to each medical opinion and the reasons for the weight. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Failing to state the weight given to a medical opinion can be harmless. *See, e.g., Colon v. Colvin,* 660 F. App'x 867 (11th Cir. 2016); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008); *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015); *Denomme v. Comm'r of Soc. Sec.*, 518 F. App'x 875, 878 (11th Cir. 2013); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005).

Even assuming the ALJ erred in failing to discuss or state the weight given to the opinions of Drs. Goldstein and Bills, the error is harmless. The doctors provided the opinions approximately six years or more before the alleged onset date of March 10, 2015, Tr. 718–34, 737–45, making the opinions too temporally remote to relate to impairments and limitations Logan had after March 10, 2015. *See Santos v. Soc. Sec. Admin. Comm'r*, 731 F. App'x 848, 856 (11th Cir. 2018) ("Mahon's and Kurlander's notes, even considered as medical opinions … were of limited relevance to Santos's claims because they predated her alleged disability date."). Even without mention of

4

the outdated opinions, the decision makes clear the ALJ considered Logan's medical condition as a whole. *See Dyer*, 395 F.3d at 1211.

Logan argues the ALJ erred by failing to assign weight to opinions from Atlas Spine. Doc. 18 at 10–11. Logan points only to a July 2016 report of Robert Hager, a certified physician's assistant, in which he states his impression (cervical and lumbar radiculopathy) and recommends an epidural steroid injection. Doc. 18 at 10 (citing Tr. 384–85).

For claims filed before March 27, 2017, a physician's assistant is not an "acceptable medical source," 20 C.F.R. §§ 404.1502(a), 416.902(a) (2017), and thus can provide no "medical opinion," 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (2017). Because Hager provided no medical opinion, the ALJ committed no error in failing to weigh what Hager said in the July 2016 report. In any event, the ALJ considered Hager's statements, Tr. 32 (citing Tr. 384–85), and the RFC is not inconsistent with them, *compare* Tr. 26 *with* Tr. 384–85.

Finally, Logan argues the ALJ erred by failing to explain why she failed to include a sit-stand option in the RFC. Doc. 18 at 11–12. Logan points to evidence of pain and contends pain ordinarily causes a person to have to shift positions. Doc. 18 at 11–12.

Without an opinion that Logan needs a sit-stand option, however, the ALJ did not have to explain why a sit-stand option was unnecessary. Furthermore, the ALJ found Logan's reports of pain not entirely consistent with the medical evidence, Tr. 33, and she does not challenge that finding, *see generally* Doc. 18.

5

The Court **affirms** the Commissioner's decision and **directs** the clerk to enter judgment for the Commissioner and against Marthalene Logan and close the file.

**Ordered** in Jacksonville, Florida, on March 29, 2019.

PATRICIA D. BARKSDALE
United States Magistrate Judge

c: Counsel of Record